# Exhibit A



# MUTUAL NON-DISCLOSURE AGREEMENT

**THIS AGREEMENT,** effective this 25th day of November, 2017, (hereinafter "Agreement") between **Serenium Inc.** (hereinafter "Company") a Delaware Corporation, having its principal place of business at 4065 Wilkie Way, Palo Alto, CA 94306 and   New Century Healthcare Holding Co, Limited   (hereinafter "Participant"), having its principal place of business at  No.5 Wangjing North Road ,Chao Yang District Beijing PR China  .

In consideration of the promises, the delivery and sufficiency of which is hereby acknowledged, the parties agree as follows:

A. **General.** This Agreement establishes a Non-Disclosure Agreement between Company and the Participant to facilitate the discussion and exchange of certain business and technical information related to Company's sleep apnea business and Company's business model.

B. **Obligations.** Except as expressly authorized by the prior written consent of the party disclosing the Confidential Information ("Disclosing Party"), the party receiving the Confidential Information ("Receiving Party") shall: (a) limit access to any Confidential Information to the Receiving Party's employees and agents, including consultants, who have a need-to-know in connection with the evaluation of the potential business transaction, and only for use in connection therewith; (b) take appropriate action by agreement with its employees and agents, including consultants, having access to Confidential Information to fulfill the Receiving Party's obligations under this Agreement; (c) safeguard all Confidential Information by using a reasonable degree of care, but not less than that degree of care used by the Receiving Party in safeguarding its own similar information or material; and (d) use all Confidential Information solely for purposes of determining whether or not Participant would like to be part of an Agreement with Company for the distribution of Company's services.

C. **Exceptions to Confidentiality.** The obligations of confidentiality and restriction on use in Section B shall not apply to any Confidential Information that the Receiving Party proves: (a) was in the public domain prior to the date of this Agreement or subsequently came into the public domain through no fault of the Receiving Party; (b) was lawfully received by the Receiving Party from a third party free of any obligation of confidence to such third party; (c) was already in the Receiving Party's possession prior to receipt from the Disclosing Party; (d) is required to be

disclosed in a judicial or administrative proceeding after all reasonable legal remedies for maintaining such information in confidence have been exhausted including, but not limited to, giving the Disclosing Party as much advance notices as practical of the possibility of such disclosure to allow the Disclosing Party to stop such disclosure or obtain a protective order concerning such disclosure; or (e) is subsequently and independently developed by the Receiving Party's employees, consultants or agents without reference to Confidential Information.

D. **Confidential Information.** "Confidential Information" shall mean all information disclosed under this Agreement, including, without limitation: (a) any data or information that is competitively sensitive material, and not generally known to the public, including, but not limited to, information relating to product plans, marketing strategies, finance, operations, customer relationships, customer profiles, sales estimates, business plans, and internal performance results of a party, its parent corporation, its subsidiaries and affiliated companies and the customers, clients and suppliers of any of the foregoing; (b) any scientific or technical information, design, process, procedure, formula, or improvement that is commercially valuable and secret in the sense that its confidentiality affords a party a competitive advantage over its competitors; and (c) all confidential or proprietary concepts, documentation, reports, data, specifications, computer software source code, object code, flow charts, databases, inventions, know-how, show-how, and trade secrets, whether or not patentable or copyrightable.

E. **Period of Agreement.** This Agreement shall commence on the date set forth above, and shall expire three (3) years thereafter unless terminated earlier in writing by either party or through a material breach of the obligations of this Agreement. In either event, all provisions of confidentiality concerning Confidential Information shall survive the termination of the Agreement. Upon the earlier of the termination or expiration of this Agreement or the Disclosing Party's request, the Receiving Party shall return to the Disclosing Party all of the Disclosing Party's Confidential Information or warrant in writing that it has destroyed such Confidential Information.

F. **No License.** Receiving Party agrees that the Disclosing Party has all rights to or in the Confidential Information and no license or other rights are granted or conveyed by the Disclosing Party in the Confidential Information. All Confidential Information is provided "As Is" and without any representation, warranty, assurance, guarantee or inducement, express or implied regarding its accuracy or performance.



G. **Equitable Relief.** The parties agree that monetary damages would not be a sufficient remedy for breach of the confidentiality and other obligations of this Agreement. Accordingly, in addition to all other remedies that either party may have, a party shall be entitled to specific performance and injunctive or other equitable relief as a remedy for any breach of the confidentiality and other obligations of this Agreement. Receiving Party consents to the issuance of a temporary restraining order or a preliminary or permanent injunction ordering Receiving Party to cease and desist from any and all activities in contravention of this Agreement. The parties agree to waive any requirement for a bond in connection with any such injunctive or other equitable relief.

H. **Customer Relationships.** As a further acknowledgement of the confidentiality obligations set forth above, both parties agree that each party's clients and prospects are critical assets of that party. The parties agree not to directly or indirectly solicit each other's client contacts of which it becomes aware through these discussions for the duration of the current discussions and for a period of one (1) year after the termination of these discussions, unless otherwise agreed to in writing between the parties.

I. **Miscellaneous.** This Agreement shall be governed by and construed in accordance with the laws of the State of Illinois, without regards to its conflict of law rules. The prevailing party in any action brought for the enforcement or interpretation of this Agreement shall be entitled to receive from the losing party a reasonable sum for its attorney's fees and costs of litigation, in addition to any other relief to which it may be entitled. Neither party may assign its rights or delegate its obligations of this Agreement without written approval of the other party. The partial or complete invalidity of any one or more provisions of this Agreement under present or future laws effective during the term hereof, shall not affect the validity and continuing force and effect of any other provision. The failure of either party to insist in any one or more instances upon the performance of any of the terms, covenants, or conditions of this Agreement, or to exercise any rights granted herein, shall not be construed as a waiver or relinquishment of such term, covenant or right with respect to future performance under this Agreement. All notices, certificates, and acknowledgements hereunder shall be in writing and shall be sufficiently given when emailed to "Company" at coryz@sereniumscreen.com or mailed to "Company", at the address listed in the opening paragraph.



J. **Entire Agreement.** This Agreement constitutes the entire understanding and agreement of and between the parties with respect to the subject matter hereof, and the parties hereto agree that the terms and conditions set forth herein shall supersede all prior representations, agreements, statements and understandings, whether oral or in writing. This Agreement shall only be varied by an instrument in writing duly executed by authorized representatives of the parties.

x _(signature)_  x _ZHOU Jason_

By: **Michael Cory Zwerling**   By:   **Zhou Jason**

    **CEO & Chairman**   (title)   **CEO & Chairman**

    **Serenium Inc.**   New Century Healthcare Holding Co, Limited

Date: _Nov 24, 2017_   Date: _2017-11-24_