UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| SERENIUM, INC.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>JASON ZHOU, et al.,<br><br>　　　　　Defendants. | Case No. 20-cv-02132-BLF<br><br>**ORDER GRANTING PLAINTIFF'S *EX PARTE* APPLICATION FOR ORDER AUTHORIZING ALTERNATE SERVICE ON DEFENDANTS AND EXTENSION OF TIME FOR SERVICE**<br><br>[Re: ECF 18] |

On May 20, 2020, Plaintiff Serenium, Inc. ("Serenium") filed an *ex parte* application seeking an order authorizing alternate service on Defendants and extension of time for service. *Ex Parte* Applic., ECF 18. On May 22, 2020, Defendants made a limited appearance through their counsel, Quinn Emanuel Urquhart & Sullivan, LLP, to oppose the *ex parte* application.[1]  Opp., ECF 20. Serenium filed a reply on May 23, 2020, requesting that a hearing be set. Reply, ECF 21. The Court finds that the *ex parte* application is appropriate for decision without oral argument. *See* Civ. L.R. 7-1(b).

The *ex parte* application is GRANTED for the reasons discussed below.

---

[1] Both the *ex parte* application and opposition exceed the 10-page limit in the Court's Standing Order. *See* Standing Order Re Civil Cases ¶ IV.A.4. In addition, Defendants' opposition violates the Court's prohibition on excessive footnotes and requirements that footnotes be in 12-point type and double-spaced. *See id.* ¶ IV.F. The Court has disregarded the excess pages and non-conforming footnotes.

## I. BACKGROUND

Serenium, a start-up company with its principal place of business in Palo Alto, California, was founded to develop technology relating to diagnosis and treatment of sleep apnea. FAC ¶ 1, ECF 14. Serenium claims that it was approached by Defendant Jason Zhou ("Zhou"), a billionaire with interests in the British Virgin Islands, Cayman Islands, Hong Kong, and China. FAC ¶ 6. Zhou is the CEO of Defendant New Century Healthcare Holding Co. Limited ("New Century"), which operates a number of hospitals in China. *Id.* The parties entered into negotiations regarding a potential business relationship, and Serenium disclosed its proprietary technology pursuant to a non-disclosure agreement ("NDA") with New Century. FAC ¶ 7. Zhou allegedly proposed that Serenium enter into a joint venture with Defendant Beijing Jiarun Yunzhong Health Technology Company Ltd. ("Beijing Jiarun"), which was held out to be a part of New Century. FAC ¶ 9. The parties engaged in talks throughout 2018, during which time Serenium worked closely with Defendant Jia Xiaofeng ("Jia"), who was Zhou's right-hand man, New Century's corporate secretary, and Beijing Jiarun's CEO. FAC ¶ 11.

After lengthy negotiations, Zhou and Jia allegedly failed to take agreed-on steps to further the proposed business relationship, and they refused to return Serenium's proprietary technology. FAC ¶¶ 13-14. Serenium thereafter discovered that Beijing Jiarun was not part of New Century, as represented, but was a separate company owned and controlled by Zhou's wife, Defendant Juan Zhao ("Zhao"). FAC ¶ 15. New Century subsequently has obtained a controlling interest in Beijing Jiarun, and both companies allegedly are using Serenium's technology to offer diagnoses and treatment for sleep apnea in competition with Serenium. FAC ¶¶ 16-17. Serenium sues Defendants Zhou, Jia, Zhao, New Century, and Beijing Jiarun for breach of contract and misappropriation of trade secrets. FAC, ECF 14.

Serenium asserts that it has been unable to effect service of process on Defendants despite good faith efforts to do so. Hosie Decl. ¶ 2, ECF 18-2. With respect to the individual Defendants, Serenium believes that Zhou is a resident of both China and Canada and that Jia is a resident of China. FAC ¶¶ 20, 23; Hosie Decl. ¶ 9. Zhao's citizenship and residency are unknown. A paralegal employed by Serenium's counsel unsuccessfully attempted to locate addresses for Zhou,

2

Jia, and Zhao by searching the Internet. Hosie Decl. ¶¶ 8-12. Serenium employed a private investigator to locate Zhou, without success. Hosie Decl. ¶¶ 13-16. Serenium's counsel emailed Zhou and Jia at the addresses Serenium used for communications during business negotiations. Hosie Decl. ¶¶ 3-4. In response, Serenium's counsel was contacted by an individual named "XX Liao" who identified himself as New Century's lawyer and provided an email address but refused to disclose the name of his law firm. Hosie Decl. ¶¶ 6-10. Serenium's counsel emailed a courtesy copy of the complaint in this action to XX Liao, requested that XX Liao accept service of process on behalf of his clients, and requested that XX Liao have New Century's California counsel contact Serenium's counsel; XX Liao did not respond. Hosie Decl. ¶¶ 9-12.

With respect to the entity Defendants, New Century's corporate filings list an agent for service of process in the Cayman Islands. Hosie Decl. ¶ 14. The location of Beijing Jiarun's agent for service of process is unclear, but its principal place of business is in Beijing, China. FAC ¶ 22. Serenium retained an international law firm specializing in difficult international service issues, as well as a solicitor in the Caymans, for assistance in serving Defendants. Hosie Decl. ¶ 14. Serenium was advised that service of process in China would take a year or longer, and that service of process in the Caymans was impossible because "the entire island was in a hard Covid-19 lockdown." Hosie Decl. ¶ 14.

Serenium now seeks authorization for alternate service and an extension of time to serve.

## II. LEGAL STANDARD

Serenium's application is governed by Federal Rule of Civil Procedure 4(f), which reads as follows:

> **(f) Serving an Individual in a Foreign Country.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served at a place not within any judicial district of the United States:
>
> (1) by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents;
>
> (2) if there is no internationally agreed means, or if an international agreement allows but does not specify other means, by a method that is reasonably calculated to give notice:

3

        (A) as prescribed by the foreign country's law for service in that country in an action in its courts of general jurisdiction;

        (B) as the foreign authority directs in response to a letter rogatory or letter of request; or

        (C) unless prohibited by the foreign country's law, by:

            (i) delivering a copy of the summons and of the complaint to the individual personally; or

            (ii) using any form of mail that the clerk addresses and sends to the individual and that requires a signed receipt; or

    (3) by other means not prohibited by international agreement, as the court orders.

Fed. R. Civ. P. 4(f).

        Under Rule 4(f)(3), trial courts properly have authorized service through a variety of methods, "including publication, ordinary mail, mail to the defendant's last known address, delivery to the defendant's attorney, telex, and most recently, email." *Rio Props., Inc. v. Rio Intern. Interlink*, 284 F.3d 1007, 1016 (9th Cir. 2002). To comport with due process, "the method of service crafted by the district court must be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Id.* at 1016-17 (quotation marks and citation omitted). A party seeking authorization to serve under Rule 4(f)(3) need not show that all feasible service alternatives have been exhausted. *Id.* at 1016. "[T]he task of determining when the particularities and necessities of a given case require alternate service of process under Rule 4(f)(3)" is committed "to the sound discretion of the district court." *Id.*

## III. DISCUSSION

        Serenium requests leave to serve process on Defendants pursuant to Rule 4(f)(3), asserting that alternate service is appropriate in light of the difficulties that Serenium has encountered locating and serving Defendants. Those difficulties are described in the declaration of Serenium's counsel, Spencer Hosie, and discussed in brief above. *See generally* Hosie Decl., ECF 18-2. Serenium has submitted a proposed order that would permit the summons, complaint, and any other necessary documents to be served by the following means: (1) Jason Zhou by WeChat

4

message and email; (2) Jia Xiaofeng by WeChat message and email; (3) New Century Healthcare Holding Co. Limited by certified mail to its corporate agent's address, through its corporate agent's email address, and through its CEO, Jason Zhou (through the methods authorized above for Jason Zhou); (4) Beijing Jiarun Yunzhong Health Technology Company Ltd through its CEO, Jia Xiaofeng (through the methods authorized above for Jia Xiaofeng); and (5) Juan Zhao through her husband, Jason Zhou (through the methods authorized above for Jason Zhou). *See* Proposed Order, ECF 18-22. Serenium also requests a 90-day extension of time to complete service. *See id.*

In opposition, Defendants assert that Serenium's *ex parte* application should be denied on both procedural and merits grounds, and that the application is "particularly egregious" because Serenium rejected Defendants' reasonable offer to accept substitute service on its U.S. counsel in twenty-one days' time.

The Court finds Serenium's *ex parte* application to be well-taken and Defendants' opposition arguments to be unpersuasive.

### A. The Application is Procedurally Proper

The Court's Civil Local Rules provide that "[u]nless otherwise ordered by the assigned Judge, a party may file an *ex parte* motion, that is, a motion filed without notice to opposing party, only if a statute, Federal Rule, local rule or Standing Order authorizes the filing of an *ex parte* motion in the circumstances and the party has complied with the applicable provisions allowing the party to approach the Court on an *ex parte* basis." Civ. L.R. 7-10. Serenium states that its *ex parte* application is brought pursuant to California Rule of Court 3.1204(b), which governs the contents of a declaration describing efforts to give notice when seeking *ex parte* relief in state court. Defendants argue that Rule 3.1204(b) does not *authorize* the filing of an *ex parte* application, but merely describes the contents of the declaration that must accompany an *ex parte* application. Defendants assert that the relevant rule is California Rule of Court 3.1202, which permits an *ex parte* application based on "personal knowledge of irreparable harm, immediate danger, or any other statutory basis for granting relief *ex parte*." Defendants argue that Serenium has not made the requisite showing of irreparable harm or immediate danger.

While Serenium's application necessarily was made without formal notice to Defendants,

1  who have neither been served nor made a general appearance, Defendants clearly received actual
2  notice of the application and have opposed it through their U.S. counsel. The application therefore
3  does not constitute "a motion filed without notice to opposing party" governed by Civil Local
4  Rule 7-10. Even if Civil Local Rule 7-10 were to apply, Serenium's citation to the California rule
5  governing the contents of a declaration supporting an *ex parte* application rather than the rule
6  governing the contents of the application itself would not provide a basis for denial on procedural
7  grounds. Serenium has provided a declaration of counsel, Mr. Hosie, describing Serenium's
8  efforts to give notice to Defendants and explaining the basis for Serenium's *ex parte* application
9  for leave to use alternate means of service. *See generally* Hosie Decl., ECF 18-2. Mr. Hosie
10 explains that time is of the essence because recent New Century security filings reflect that Zhou
11 may take the company private at a discount, which could result in New Century's assets
12 disappearing into China and the company becoming judgment proof. *See* Hosie Decl. ¶ 21, ECF
13 18-2; Hosie Reply Decl. ¶¶ 5-10, ECF 21-1. The Court concludes that Serenium has satisfied
14 California Rules of Court 3.1202 and 3.1204(b).

**B.  The Application is Meritorious**

16 Based on the information provided in the declaration of Serenium's counsel, Mr. Hosie, it
17 appears that Defendants may be deliberately evading service of process. As discussed above, Mr.
18 Hosie describes Serenium's extensive efforts to effect service of process, including attempts to
19 contact Defendants directly before they were represented by XX Liao as counsel, attempts to
20 contact Defendants through XX Liao, Internet searches, hiring a private investigator, hiring a
21 specialist in international service, and hiring a solicitor in the Caymans. Under these
22 circumstances, the Court in its discretion finds that alternate service under Federal Rule of Civil
23 Procedure 4(f)(3) is appropriate. The means for service proposed by Serenium are reasonably
24 calculated to inform Defendants of this lawsuit. *See Rio Props.*, 284 F.3d at 1016-17.
25 Defendants' arguments to the contrary are unpersuasive, particularly given that Defendants now
26 have *actual* notice of this lawsuit and have specially appeared through their U.S. counsel.
27 The means for service proposed by Serenium are not prohibited by international
28 agreement. Defendants argue that because China is a signatory to the Hague Convention,

Serenium should be required to effect service of process through the formal channels established by the Hague Convention. The Hague Convention does not apply to the individual defendants, because their addresses are unknown. *See D. Light Design, Inc. v. Boxin Solar Co.*, No. C-13-5988 EMC, 2015 WL 526835, at *2 (N.D. Cal. Feb. 6, 2015) ("Because the physical addresses of these Defendants are unknown, the Hague Convention does not apply."). With respect to the entity defendants whose addresses are known, the Hague Convention does apply. However, the Cayman Islands have not objected to Article 10(a) of the Hague Convention, governing service through postal channels, and thus the proposed certified mail service on New Century's agent in the Caymans is not prohibited by the Hague Convention. Moreover, this Court previously has held that electronic service on China-based defendants is not prohibited by the Hague Convention. *See Keck v. Alibaba.com, Inc.*, No. 17-CV-05672-BLF, 2018 WL 3632160, at *3 (N.D. Cal. July 31, 2018) ("[T]here is no international agreement precluding service on China-based defendants by electronics means.").

Finally, Serenium was not obligated to agree to a three-week delay of service in return for Defendants' agreement to accept substitute service on its U.S. counsel. The Court is at a loss to understand why defense counsel would need three weeks to communicate the fact of this suit to Defendants. Presumably, Defendants already know about the suit, since they authorized their U.S. counsel to oppose the present *ex parte* application. In any event, Serenium certainly was not obligated to agree to the delay.

Defendants request that if alternate service is permitted, the Court require Serenium to provide Defendants' U.S. counsel with translated versions of all documents at least three weeks before service is deemed effective. *See* Opp. at 2, ECF 20. As discussed above, Defendants have not shown good cause for a delay of the effective date of service. However, the Court finds the request for translation of the documents to be reasonable. Defendants represent that they are not English-language proficient. *See* Opp. at 8, ECF 20 ("[T]he individual defendants . . . do not speak or read fluent English."); Clark Decl. ¶ 6, ECF 20-1 ("Serenium's counsel also acknowledged that several of the Defendants may not be English-language proficient."). In its reply, Serenium questions the plausibility of Defendants' representation regarding their lack of

English language competency, asserting that New Century is an English-speaking corporation and Zhou signs its annual reports, which are in English. *See* Reply at 2, ECF 21; Hosie Reply Decl. ¶ 6, ECF 21-1. The Court nonetheless finds that requiring translation of the documents is appropriate because it is not clear on this record that all Defendants are English-language proficient. Other courts in this district and this circuit have required translation of the summons and complaint as a condition of authorizing alternate service of process under Rule 4(f)(3). *See, e.g., Epic Games, Inc. v. Mendes*, No. 17-CV-06223-LB, 2018 WL 582411, at *3 (N.D. Cal. Jan. 29, 2018) (requiring certified Russian translation of summons, complaint, and cover letter as condition of alternate service by email under Rule 4(f)(3)); *Montana Trucks, LLC v. UD Trucks N. Am., Inc.*, No. CV 12-23-M-DWM, 2013 WL 3928634, at *5 (D. Mont. July 29, 2013) (requiring certified Japanese translation of service documents on basis that "[s]ervice of untranslated documents is inconsistent with notions of due process").

Accordingly, the Court GRANTS Serenium's application for leave to use alternate means of service on the condition that Serenium provides both the English language version and a certified Chinese language translation of the summons, first amended complaint, and cover letter.

## IV. ORDER

For the reasons discussed above,

(1) Serenium's *ex parte* application is GRANTED;

(2) Serenium is granted a ninety-day extension of time to effect service of process;

(3) Service of process may be made by the means described below, on the condition that Serenium provides both the English language version and a certified Chinese language translation of the summons, first amended complaint, and cover letter:

    (a) Jason Zhou by WeChat message and email;

    (b) Jia Xiaofeng by WeChat message and email;

    (c) New Century Healthcare Holding Co. Limited by certified mail to its corporate agent's address, through its corporate agent's email address, and through its CEO, Jason Zhou (through the methods authorized above for Jason Zhou);

(d) Beijing Jiarun Yunzhong Health Technology Company Ltd through its CEO, Jia Xiaofeng (through the methods authorized above for Jia Xiaofeng); and

(e) Juan Zhao through her husband, Jason Zhou (through the methods authorized above for Jason Zhou).

(4) This order terminates ECF 18.

Dated: May 29, 2020

_____
BETH LABSON FREEMAN
United States District Judge