# EXHIBIT A

SPENCER HOSIE (CA Bar No. 101777)
shosie@hosielaw.com
DIANE S. RICE (CA Bar No. 118303)
drice@hosielaw.com
BRANDON C. MARTIN (CA Bar No. 269624)
bmartin@hosielaw.com
DARRELL R. ATKINSON (CA Bar No. 280564)
datkinson@hosielaw.com
FRANCESCA M. S. GERMINARIO (CA Bar No. 326208)
fgerminario@hosielaw.com
HOSIE RICE LLP
600 Montgomery Street, 34th Floor
San Francisco, CA 94111
(415) 247-6000 Tel.
(415) 247-6001 Fax

*Attorneys for Plaintiff*
*SERENIUM, INC.*

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| SERENIUM, INC.,<br><br>Plaintiff,<br><br>v.<br><br>JASON ZHOU; JIA XIAOFENG; NEW CENTURY HEALTHCARE HOLDING CO. LIMITED; BEIJING JIARUN YUNZHONG HEALTH TECHNOLOGY COMPANY LTD.; AND JUAN ZHAO;<br><br>Defendants. | Case No. 5:20-cv-02132-BLF (NC)<br><br>**DECLARATION OF MICHAEL CORY ZWERLING IN SUPPORT OF PLAINTIFF SERENIUM, INC.'S MOTION FOR ADMINISTRATIVE RELEIF TO FILE UNDER SEAL ITS CAL. CODE CIV. P. § 2019.210 TRADE SECRET DISCLOSURE (EXHIBIT TO JOINT DISCOVERY LETTER AT ECF 43)** |

I, Michael Cory Zwerling, declare as follows:

1. I make this declaration of my own personal knowledge in support of Plaintiff Serenium, Inc.'s ("Plaintiff" or "Serenium") Motion for Administrative Relief to File Under Seal its Cal. Code Civ. P. § 2019.210 Trade Secret Disclosure (Exhibit to Joint Discovery Letter at ECF 43). If called upon to do so, I could, and would, testify competently to the matters stated herein.

2. I am the Chief Executive Officer ("C.E.O.") of Serenium. I joined the company in 2014. As C.E.O., I am familiar with Serenium's business, technology and finances, as well as Serenium's efforts to maintain the secrecy of its proprietary and confidential information, including its trade secrets. In my role as C.E.O., I oversee Serenium's day-to-day operations, and I am familiar with Serenium's litigation activities.

3. Serenium is a Palo Alto-based emerging tech company. It has proprietary technology relating to the diagnosis and treatment of sleep apnea. Traditional sleep apnea services require an overnight hospital stay. Given the inconvenience and expense, sleep apnea goes widely underdiagnosed and untreated. Serenium solved this problem by building a proprietary at-home diagnostic and treatment platform. Serenium's proprietary technology is driven by cloud-based machine learning algorithms trained by extensive clinical data, along with customized oximeters, and a mobile phone application. Serenium's technology is the result of years of research and is the result, in-part, of access to data worth millions of dollars. Prior to Serenium's relationship with Defendant New Century Healthcare Holding Co. Limited ("New Century"), Serenium was in discussions with a number of other companies with respect to exploiting Serenium's proprietary technology.

4. Serenium does not make its proprietary technical or business/financial information, including the trade secrets at issue here, available to the public. Serenium's business practice is to sign non-disclosure agreements with all third-party partners or potential partners before discussing

the details of its technology. For example, Serenium entered into an NDA with New Century, and Serenium has an NDA with the manufacturer of its proprietary oximeters. Serenium habitually labelled its proprietary documentary information confidential (or with a similar designation) before providing it to third parties under NDA. Serenium monitors its facilities and maintains password controls for network and system access. Serenium has taken, and continues to take, care not to disclose the trade secrets at issue here in publications or public filings.

5. I am familiar with the information contained in Serenium's Cal. Code Civ. P. § 2019.210 Trade Secret Disclosure ("2019 Statement), and the consequences of public disclosure of this information. The 2019 Statement describes technical and business/financial, proprietary, confidential, Serenium information, which Serenium considers to be Serenium trade secret information. The technical information disclosed includes information that pertains to the type of data Serenium collects for use in its confidential sleep apnea algorithm and testing methods, and scores Serenium assigns for each set of patient data it collects for sleep apnea diagnostics and treatment. The 2019 Statement also details proprietary Serenium business/financial information including Serenium's protocol for using its proprietary diagnostics and treatment system, and cost information.

6. Serenium considers the technical and business/financial information described in the 2019 Statement to be competitively-sensitive, confidential information. Serenium has not made this information generally available to the public, and as detailed above, Serenium has taken reasonable steps to maintain the secrecy of its sensitive information. Serenium believes that this information is valuable and that it would be valuable to a competitor or potential competitor. Serenium believes that disclosure of this information to competitors and potential competitors may work serious economic injury to Serenium, and that disclosure could place Serenium at a competitive disadvantage.

I declare under penalty of perjury under the laws of the United States of America that the forgoing is true and correct.

Date: July 27, 2020

Michael Cory Zwerling