# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

|  |  |
|---|---|
| SERENIUM, INC., | Case No.  20-cv-02132-BLF |
| Plaintiff, |  |
| v. | **ORDER GRANTING MOTION TO SEAL AT ECF 66** |
| JASON ZHOU, et al., | [Re:  ECF 66] |
| Defendants. |  |

Before the Court is the parties' joint motion to file under seal the final arbitral award issued in the Beijing International Arbitration Center arbitration proceeding between New Century Healthcare (International) Holding Co. Limited and Plaintiff Serenium, Inc., along with a certified English translation of the award. *See* ECF 66. The document sought to be sealed was filed in connection with the parties' joint notice of supplemental evidence to Defendants' Motion to Dismiss. *See* ECF 67. For the reasons that follow, the joint motion to seal is GRANTED.

## I. LEGAL STANDARD

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'*" Kamakana v. City & Cty. Of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)). Accordingly, when considering a sealing request, "a 'strong presumption in favor of access' is the starting point." *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). Parties seeking to seal judicial records relating to motions that are "more than tangentially related to the underlying cause of action" bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure. *Ctr. for Auto Safety v. Chrysler Grp.*, 809 F.3d

United States District Court
Northern District of California

1092, 1099 (9th Cir. 2016); *Kamakana*, 447 F.3d at 1178–79.

Parties moving to seal documents must also comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)." Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version." Civ. L.R. 79-5(d)(1)(d). "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

**II. DISCUSSION**

The Court has reviewed the joint sealing motion. The Court finds that parties have articulated compelling reasons to seal the cited exhibit. The Court's ruling on the sealing request is set forth in the table below.

| ECF No. | Document to Be Sealed | Result | Reasoning |
|---|---|---|---|
| 66-3 | Final arbitral award issued in the Beijing International Arbitration Center arbitration proceeding (2020) J. J. Z. Zi No.1601 between New Century Healthcare (International) Holding Co. Limited and Serenium, Inc. and a certified English translation of the award | Granted, as to entire document | The parties are bound by the rules of the Beijing Arbitration Commission, which require that all proceedings be kept confidential. *See* ECF 66 at 3. Specifically, Article 25 provides that "[w]here an arbitration is conducted in private, neither the parties, nor their authorised representatives, nor any witnesses, arbitrators, experts consulted by the Arbitral Tribunal and appraisers appointed by the Arbitral Tribunal, nor the staff of the BAC shall disclose to third parties any information concerning the arbitration, whether substantive or procedural." Accordingly, the compelling reasons standard for sealing is satisfied. *See GEA Grp. AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 420 (7th Cir. 2014) (Posner, J.) (holding as a matter of comity that the presumption to public access to the judicial record was overcome by a German arbitration rule that required confidentiality of the arbitration evidence, which the parties were bound by); *see also Mastronardi Int'l Ltd. v. Sunselect Produce (California), Inc.*, 2020 WL 469351, at *2 (E.D. Cal. Jan. 29, 2020) ("Applying the compelling reasons standard here, the Court concludes that sealing is warranted. This is largely because the Canadian arbitration rules require confidentiality.") |

## III. CONCLUSION

For the foregoing reasons, the Court hereby GRANTS the joint motion to seal at ECF 66.

Dated: October 26, 2020

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

3